**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JERRY LEE KEY,**

        **Petitioner,**

**v.**                                     **CIVIL ACTION NO. 5:11cv11**
                                                        **(Judge Stamp)**

**TERRY O'BRIEN, Warden,**

        **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

**I.  BACKGROUND**

On January 24, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that his sentence was improperly enhanced under the Armed Career Criminal Act ("ACCA").  For relief, the petitioner requests that his armed career criminal designation be vacated, and he be re-sentenced pursuant to 18 U.S.C. § 924(a)(2).  The petitioner also requests that his time served in excess of the statutory minimum of 10 years be credited toward the term of his supervised release.[1]  On February 7, 2011, the petitioner was granted leave to proceed *in forma pauperis*.  On that same day, the respondent was ordered to show cause why the petition should not be granted.  On March 21, 2011, the respondent filed a Motion to Transfer Case and Response to Show Cause.

**II.  PROCEDURAL HISTORY**

On February 20, 1997, a grand jury, sitting in the Southern District of West Virginia, indicted

---

[1]On March 31, 2011, the petitioner filed a Notice of Change of Address.  A review of the BOP website establishes that he was released from BOP custody on March 31, 2011.  Therefore, it would appear that the petitioner has begun serving his term of supervised relief.

the petitioner for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  The

indictment further alleged a violation of the ACCA[2] on the basis that the petitioner previously had been

convicted of three violent felonies.  The named prior convictions were two counts of unlawful

wounding and two separate instances of felony escape under West Virginia Code § 62-8-1. [Dckt. 16-

3, p. 1] On June 30, 1997, the petitioner entered a  guilty plea.  [Dckt. 16-2, p.. 6]  The petitioner

maintains that he reserved the right to appeal any enhancement of his sentence under the ACCA. [Dckt.

1, p.3] On October 3, 1997, a judgment was entered sentencing the petitioner to 210 months

imprisonment, a term of 5 years supervised release, a $1,000.00 fine, and a special assessment of

$50.00. [Dckt. 16-2, p. 7] On October 10, 2007, the petitioner filed a Notice of Intent to Appeal. [Id.]

In his appeal, the petitioner argued that his first conviction for felony escape under West Virginia law

was based on a failure to return to the work release center from a furlough, and by its nature could not

be considered a "violent felony." [Dckt. 16-3, p. 1] On April 22, 1998, the Fourth Circuit Court of

Appeals  affirmed  the  petitioner's  sentence.   U.S. v. Key, 145 F.3d 1327, 1998 WL 196603

(unpublished). The petitioner filed a Petition for Writ of Certiorari which was denied by the United

States Supreme Court on October 5, 1998. [Dckt.  16-2, p. 8]

---

[2]A violation of 18 U.S.C. § 922 (g) ordinarily carries a maximum sentence of 10 years imprisonment.  However, the ACCA provides a sentencing enhancement based on the defendant's criminal history, providing that a person who has "three previous convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another" must be sentenced to at least 15 years' imprisonment. Id. § 924(e)(1).  The Act defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

Id. § 924(e)(2)(B).

On September 14, 1999, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  In his petition, he argued ineffective assistance of counsel, and more specifically, his counsel's failure to challenge the constitutional validity of W.Va. Code § 62-8-1 under which he was sentenced for escape from the Charleston Work/Study Release Center in 1990, and his subsequent escape from the Huttonsville Correctional Center in 1993. [Dckt. 16-2. p. 8] The petitioner's motion was denied by the United States District Court on August 2, 2000. [Dckt. 16-2, p. 10] On Appeal, the Fourth Circuit affirmed the District Court's decision and denied a certificate of appealability. U.S. v. Key, No. 00-713 (October 24, 2000) [Dckt. 16-4] The petition's Petition for Writ of Certiorai was denied on April 23, 2001. [Dckt. 16-2, p. 11]

The petitioner then filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California on June 7, 2010, arguing that in light of the decisions in Begay v. U.S., 553 U.S. 137 (2008) and Chambers v. U.S. 555 U.S. 122 (2009) he is "actually innocent" of the designation of an armed career criminal pursuant to 18 U.S.C. § 924(e).  The Court determined that the petitioner's legal theory was not based on "newly discovered evidence" demonstrating that he is actually innocent nor on a new rule of constitutional law.  Rather, the Court determined that by relying on Begay, the petitioner's argument was based solely on a statutory construction of the sentencing provision.  Moreover, the Court found that the because the petitioner's claim was based on a sentencing enhancement, he could not demonstrate that requisite showing that "it is more likely than not that no reasonable jury would have convicted him." The Court concluded that it is not a "crime" to be an "armed career criminal offender," but rather, such status serves only to increase a sentence of a defendant who falls within the statutory definition. Accordingly, the Court dismissed the petition. [Dckt. 16-7] Thereafter, the petitioner filed the instant petition.

### III.  ANALYSIS

#### A.  28 U.S.C. § 2241

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention.  However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence.  Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000).  Conversely, Section 2241 is the proper method for challenging the execution of a sentence.  Adams at 135; see In re Jones, at 332-33.  In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed.  Adams at 135.

In his petition, the petitioner attacks the validity of his conviction and sentence  rather than the means of execution and seeks to have his sentence modified so as to permit his immediate release and credit for the time he has served in excess of that required under 18 U.S.C. § 924(a)(2) toward his 5 year Supervised Release period. Accordingly, this is the  type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention.  28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective.  In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy.  In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit

concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

As set forth in his indictment, the petitioner had the following predicate offenses which subjected him to the ACCA: (1) conviction of two counts of unlawful wounding, in violation of W.Va. Code § 61-2-9, on May 19, 1989, in the Circuit Court of Kanawha County, West Virginia[3]; (2) conviction of felony escape, in violation of West Virginia Code § 61-5-10 on November 30, 1990, in the Circuit Court of Kanawha County, West Virginia; and (3) conviction of felony escape, in violation of W.Va. Code § 61-5-10, on December 21, 1993, in the Circuit Court of Kanawha County, West Virginia. The petitioner has always maintained that his first conviction for felony escape under West Virginia law was based on a failure to return to the work release center from a furlough, and by its nature, could not be considered a violent felony.

In denying his appeal, the Fourth Circuit concluded that in deciding "whether a given offense proscribes generic conduct with the potential for serious physical injury to another, we need to look at the fact of conviction and the statutory definition of the offense, and not to the underlying facts." [Dckt. 16-3, p. 2]. Upon reviewing the statutory definition of felony escape under W. Va. Code § 62-8-1, the Fourth Circuit concluded the offense of felony escape under that statute involves conduct that presents a serious potential risk of physical injury to another, and thus constitutes a "violent felony"

---

[3]The petitioner and the United States stipulated at sentencing that these two convictions would constitute one "prior violent felony." [Dckt. 16-3, p. 1]

for purposes of the ACCA. [4]

Therefore, at the time of conviction, the settled law of the Fourth Circuit established the legality of the petitioner's ACCA conviction. However, in 2009, the United States Supreme Court held that the generic crime of failing to report to a penal institution did not qualify as a "violent felony" under the ACCA. <u>Chambers v. U.S.</u>, 555 U.S. 122, 691, 692 (2009). Moreover, on December 8, 2010, the Fourth Circuit held "that the generic crime of walk-away escape from an unsecured facility does not qualify as a 'crime of violence' under the career offender Sentencing Guidelines. <u>U.S. v. Clay</u>, 627 F.2d 959, 969 (2010). It would appear that the <u>Chambers</u> and <u>Clay</u> cases reflect a substantive change of law which **may** demonstrate that the conduct involved in the petitioner's first conviction for felony escape is no longer criminal. Additionally, that change occurred after his direct appeal and first section 2255 motion. Because these cases do not establish a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," the petitioner cannot satisfy the "gate-keeping" requirements of sections 2255, and the petitioner appears to have satisfied the "savings clause" of section 2241.

**B. <u>Respondent's Motion to Transfer</u>**

The undersigned notes that the petitioner has not requested transfer of his claim to the Southern District of West Virginia where he was tried, convicted and sentenced. He instead has asked this Court to vacate his ACCA sentence enhancement, re-sentence him, grant him immediate release, modify the term of his Supervised Release and credit time served in excess of the statutory maximum for being a felon in possession of a firearm toward his term of Supervised Release. [Doc. 1-6, p. 7] For the reasons set forth below, the undersigned recommends that the petitioner's request in this regard be

---

[4]The Fourth Circuit also cited <u>Craigo v. Legursky</u>, a case in which the Supreme Court of Appeals of West Virginia held that an inmate who is on work release remains in custody of the Department of Corrections, and if such inmate fails to return to the assigned center, he is guilty of felony escape. 183 W.Va. 678, 398 S.E.2d 160, 161-62 (W.Va. 1990).

denied, and the case transferred to the Southern District of West Virginia.

Courts are virtually unanimous in their recognition that the original sentencing court is the preferred forum for addressing the merits of a claim which attacks the validity of a conviction and/or sentence. Indeed, one of the reasons Congress enacted section 2255 was to alleviate the "difficulties in obtaining records and taking evidence in a district far removed from the district of conviction." In re Jones, supra at 332, citing U.S. v. Hayman, 342 U.S. 205 (1952). Furthermore, in addition to the practical difficulties presented by litigating the validity of convictions far from the relevant court records and witnesses, there is also the more fundamental question as to whether the issues normally raised in a challenge to a conviction and sentence are ones over which the district of incarceration has jurisdiction.   Indeed, even if the of the United States District Court for the Southern District of West Virginia could be vacated by this Court, the question would remain whether this Court has the authority to re-sentence the petitioner, should the law allow such re-sentencing.  Furthermore, to the petitioner's detriment, his conviction would remain a matter of public record in the district of conviction with potential collateral consequences, and the Government would lose the opportunity to present record evidence beyond that which is presently available to this Court regarding the conduct upon which he was convicted. The question remains, however, as to the proper method of transferring this case to the Southern District of West Virginia.

A review of other jurisdictions sheds some light on the matter.  In some instances, District Courts have simply transferred section 2241 petitions outright to the districts of conviction based on the simple recognition that such a transfer "is consistent with the dichotomy that Congress established between the responsibilities of the sentencing court and those of the court in the district of incarceration." Conley v. Crabtree, 14 F.Supp. 2d 1203, 1207 (D.Or. 1998).[5]  Likewise, the Middle

_____

[5]The Conley Court concluded that the district of confinement where the section 2241 petition is filed should make the "threshold determination" of whether a petition falls '"within the narrow class of cases" where a section 2241 petition is the appropriate mechanism to challenge the

District of Pennsylvania effected a straightforward transfer of a section 2241 petition to the Western District of North Carolina, where the petitioner had been convicted and sentenced.  See Alamin v. Gerlinski, 30 F. Supp.2d 464 (M.D. Pa. 1998).  After the Fourth Circuit refused his request to file a second section 2255 petition, the petitioner filed a section 2241 petition where he was incarcerated.  Noting that there was a "factual dispute" between the parties as to whether the petitioner was "really innocent" of the Section 924(c)(1) conviction, the District Court for the Middle District of Pennsylvania, citing the Conley case, transferred the petition to the Western District of North Carolina:

> The witnesses,...the lawyers, the record and other evidence relevant
> to this issue are either in the district of conviction or closer to it than
> to the Middle District of Pennsylvania.  This petition should therefore
> be transferred to the Western District of North Carolina.

Id. at 468.  Upon transfer, the Western District of North Carolina granted the writ of habeas corpus pursuant to section 2241, set aside the conviction, and vacated the sentence which had been imposed for the violation of Section 924(c)(1). Alamin v. Zerlinski, 73 F.Supp. 2d 607, 612 (W.D.N.C. 1999).

Although this method proved successful in the Conley and Alamin cases, and perhaps in others, a potential problem is presented by the language of the transfer statute, which provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court **where it might have been brought**." Title 18 U.S.C. Section 1404(a). (emphasis added).  Since a prisoner can only bring a Section 2241 claim in the district of incarceration, at least one Court has held that Section 1404(a) will not support a transfer to another jurisdiction. See Lee v. Wetzel, 2414 F.3d 370 (5th Cir. 2001).[6]

The Third Circuit has adopted a different approach to handling situations such as the one facing this Court.  Specifically, that Circuit has used the All Writs Act to resolve potential jurisdictional issues

---

validity of a conviction and sentence." Id. at 1206.

[6]"[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's section 2241 petition." Id. at 373.

in transferring a section 2241 petition to the district of conviction.  See In re Nwanze, 242 F.3d 521 (3rd Cir. 2001).   In that case, Nwanze filed a section 2241 petition in the Western District of Pennsylvania, where he was confined.  The Court, stating that it was "persuaded by the logic of the Alamin example, found that "resort to section 2241 relief was warranted" and transferred the petition to the Eastern District of Pennsylvania.  Nwanze v. Hahn, 97 F.Supp.2d 665, 671 (W.D. Pa. 2000).

Nwanze then appealed the transfer to the Third Circuit.  Acknowledging that although Nwanze should ordinarily challenge his conviction in the sentencing court rather than the Court in the district where he was confined, the "gate-keeping" provisions in section 2255 had "foreclosed that possibility" as evidenced by the fact that the Fourth Circuit had already denied him authorization to file a second or successive 2255 motion.  "[I]f the gate closed by section 2255 somehow could be opened in the Eastern District of Virginia, Nwanze should seek relief there, as the that exercise of jurisdiction would be in harmony with the congressional jurisdiction scheme in sections 2241 and 2255." Id. at 525.  "One way to open the gate, albeit indirectly, would be to allow the petitioner to seek habeas corpus relief under section 2241." Id. In that regard, the Court stated that although transfer of such a case would certainly be "in furtherance of the convenience of the parties," it nonetheless did not believe that the district of confinement could transfer a section 2241 petition to the district of conviction and have it thereafter continue to be treated as a section 2241 petition in the sentencing District:

> We have serious doubt that the transfer of the case can be justified on
> the theory that Nwanze could have brought his habeas corpus petition
> in the district court in the Eastern District of Virginia, and if not, it
> would be difficult to justify the transfer order on that basis.

Id. at 525 (citations omitted). Determining that it need not "be overly concerned with the limitations on transfer in Section 1404(a)," the Court relied upon the "plausible argument that as Nwanze had no other remedy in the District of his conviction and sentencing, the Court of Appeals for the Fourth Circuit would approve of the District Court's exercise of jurisdiction under the All Writs Act, to grant him a Writ of Error *Coram Nobis*," Id. (Citations omitted) Title 28 U.S.C. § 1651(a).  Based on its

good faith belief that the Eastern District of Virginia would exercise its jurisdiction, consider Nwanze's petition on the merits, and "follow the logic" of the cases allowing *coram nobis*, the Court stated that: "If such be the case, then the District Court in the Western District of Pennsylvania would not have transferred the case to a court without jurisdiction." Id.

More recently, the District Court for the District of New Jersey also transferred a section 2241 petition to the district of conviction by construing it as a petition under the All Writs Act. See Short v. Shultz, 2008 WL 305594 (D.N.J.).  The Court specifically relied upon the Nwanze case and its use of the All Writs Act to effect a transfer of Short's claim to the district of conviction.

Accordingly, as set forth above, courts have successfully transferred section 2241 petitions to the appropriate districts of conviction using the All Writs Act. Title 28 U.S.C. Section 1651.  That Act grants authority to district courts to entertain and issue "all writs necessary in aid of their respective jurisdiction and agreeable to the usages and principles of law." Id. While Rule 60B of the Federal Rules of Civil Procedure expressly abolished several common law writs in civil proceedings, including *coram nobis* and *audita querela*, the Supreme Court has nonetheless recognized and upheld the continued availability of the writ of error *coram nobis* in criminal cases as a remedy for the most fundamental of error, where no other remedy is available, and where valid reasons exist for the petitioner's failure to seek relief earlier. See United States v. Morgan, 364 U.S. 502, 512-513 (1954).

In the Fourth Circuit, individuals may pursue both a writ of *coram nobis* and writ of *audita querela*. Hannan v. U.S., 402 F.Supp.2d 679, 683 (E.D.Va. 2005). Indeed, the Court upheld the use of *coram nobis* to vacate mail fraud convictions when an intervening Supreme Court decision resulted in a "dispositive change in federal law." United States v. Mandel, 862 F.2d 1067, 1076-79 (4th Cir. 1988) cert. denied, 491 U.S. 906 (1989) citing McNally v. United States, 483 U.S. 350 (1987); United States v. Shamy, 986 F.2d 743 (4th Cir. 1989). Thus, *coram nobis* is available where a petitioner has been convicted [and punished] for an act that the law does not make criminal. Id.

10

Accordingly, the undersigned believes that the Court should treat the petition herein as a *coram nobis* petition under the All Writs Act and transfer it to the Southern District of West Virginia. While the petitioner could not have brought a section 2241 petition there, he certainly could have filed a petition for a writ of *coram nobis*. A transfer is therefore sustainable under Section 1404(a) because the Court is treating the Petition under the All Writs Act as a *coram nobis* petition, and by so construing it, is transferring it to the district in which it could and should have been filed. The decision as to whether to accept such a transfer is ultimately that of the Southern District of West Virginia. Likewise, it is up the Southern District of West Virginia whether it will actually address the merits of the petitioner's claims.

## IV. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the respondent's Motion (Dckt. 15) be **GRANTED**, and the petitioner's Petition for Writ of Habeas Corpus be construed as Petition Under the All Writs Act as a Writ of Error Coram Nobis and transferred to the Southern District of West Virginia.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last know address as reflected on the

11

docket sheet and provide a copy to counsel of record by electronic means.

DATED: July 18, 2011

s/*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE