IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JERRY LEE KEY,

       Petitioner,

v.                                    Civil Action No. 5:11CV11
                                                (STAMP)
TERRY O'BRIEN, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

Jerry Lee Key, the petitioner in the above-styled civil action, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On June 30, 1997, the petitioner pled guilty to the offense of possession of a firearm by a convicted felon in the Southern District of West Virginia. The indictment further alleged a violation of the Armed Career Criminal Act ("ACCA"). The named prior convictions were two counts of unlawful wounding and two instances of felony escape. The petitioner was sentenced to 210 months imprisonment, to be followed by a term of five years of supervised release. The petitioner appealed his sentence, arguing that his first conviction for felony escape was based on a failure to return to the work release center

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

and could not be considered a violent felony.  The United States Court of Appeals for the Fourth Circuit affirmed the petitioner's sentence on April 22, 2008.  The petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on September 14, 1999.  The Southern District of West Virginia denied his motion to vacate, set aside, or correct sentence, which the Fourth Circuit affirmed.  The petitioner also filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of California on June 7, 2010, which the court dismissed.

The petitioner filed the present petition on January 24, 2011.  In his petition, the petitioner alleges that his sentence was improperly enhanced pursuant to the ACCA.  The petitioner seeks a resentencing pursuant to 18 U.S.C. § 924(a)(2) and that his time served in excess of the statutory minimum of ten years be credited toward his term of supervised release, which it appears that the petitioner has begun to serve.

The civil action was referred to United States Magistrate Judge John S. Kaull for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.  The respondent filed a motion to transfer case in response to a show cause order issued by the magistrate judge.  In his response, the petitioner urged the magistrate judge to construe his petition under the All Writs Act as a writ of error coram nobis and that his civil action be transferred to the Southern District of West Virginia.  The

magistrate judge entered a report and recommendation, recommending that the respondent's motion to transfer be granted and that the petitioner's petition in his civil action be construed as a petition for a writ of error coram nobis and transferred to the Southern District of West Virginia. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

In Chambers v. United States, 555 U.S. 122 (2009), the Supreme Court found that the crime of failing to report did not qualify as a crime of violence under the ACCA. The Fourth Circuit has similarly held since Chambers that "the generic crime of walk-away escape from an unsecured facility does not qualify as a 'crime of violence' under the career offender Sentencing Guidelines." United States v. Clay, 627 F.3d 959, 969 (4th Cir. 2010). The magistrate judge correctly notes that these cases reflect a substantive change of law which may demonstrate that the petitioner's first conviction for felony escape is no longer a crime of violence. This Court finds no clear error in the magistrate judge's conclusion that the petitioner cannot satisfy the gate-keeping requirements of 28 U.S.C. § 2255, but that the petitioner satisfies the savings clause of 28 U.S.C. § 2241.

A court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief is available." In re McDonald, 88 F. App'x 648, 649 (4th Cir. 2004) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 509-11 (1954)). The writ of error coram nobis is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." United States v. Denedo, 129 S. Ct. 2213, 2221 (2009). The availability of this writ is

4

limited to "extraordinary cases presenting circumstances compelling its use to achieve justice" and where habeas corpus is not available. Id. at 2220 (internal citations omitted). Further, a writ of error coram nobis is available only when the applicant is not incarcerated. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001).

Courts have transferred petitions filed pursuant to 28 U.S.C. § 2241 to the district of conviction using the All Writs Act, 28 U.S.C. § 1651. In re Nwanze, 242 F.3d 521, 526-27 (3d. Cir. 2001). The magistrate judge is correct that the petitioner could not have filed his petition in the Southern District of West Virginia, but that he could have filed a petition for a writ of error coram nobis in that district.

Because the original sentencing court is the preferred forum for addressing the merits of a claim which attacks the validity of a conviction, this Court will grant the respondent's motion to transfer this civil action to the Southern District of West Virginia. This Court notes that it is the decision of the Southern District of West Virginia whether to address the merits of the petitioner's claims.

## IV. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety.

5

Accordingly, the petitioner's petition filed in his civil case is CONSTRUED as a petition for a writ of error coram nobis and the respondent's motion to transfer is GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court with respect to the petitioner's petition filed in his civil case.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to the Clerk of the United States District Court for the Southern District of West Virginia. The Clerk is further DIRECTED to TRANSFER this case to the United States District Court for the Southern District of West Virginia.

DATED: August 18, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE