UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**JERRY LEE KEY,**

      **Petitioner,**

v.                                                                  Case No. 2:11-cv-00565

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (ECF No. 1), filed on January 24, 2011, in the United States District Court for the Northern District of West Virginia, the district in which he was then incarcerated. By Memorandum Opinion and Order entered August 18, 2011 (ECF No. 24), the Application was construed as a petition for a writ of error *coram nobis* and transferred to this District as the preferred forum for such a petition.

The petitioner has served the term of 210 months of imprisonment imposed upon his guilty plea to being a felon in possession of a firearm. *United States v. Key*, No. 2:97-cr-00033 (S.D. W. Va. Oct. 3, 1997). He is now serving a five-year term of supervised release. He contends that he was improperly sentenced as an armed career criminal, 18 U.S.C. § 924(e)(1), because one of his prior felony convictions for escape was based on a failure to return to a work release center. (ECF No. 1, at 3-4.) Pursuant to *United States v. Clay*, 627 F.3d 959, 969 (4th Cir. 2010), *Chambers v. United States,*

555 U.S. 122 (2009), and *Begay v. United States*, 553 U.S. 137 (2008), the petitioner argues that the escape charge was not a violent felony.

The United States contends that the petitioner is considered to be "in custody" by virtue of being on supervised release, and thus relief via a writ of error *coram nobis* is not available to him. (ECF No. 30, at 1-2.) The petitioner has not filed a reply to the government's argument.

In *United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001), the First Circuit stated that "a writ of *coram nobis* is issued once the petitioner is no longer in custody." The leading Supreme Court case on the writ of *coram nobis* is *United States v. Morgan*, 346 U.S. 502, 503 (1954), which held that a district court "has power to vacate its judgment of conviction and sentence [by issuance of a writ of error *coram nobis*] *after the expiration of the full term of service.*" [Emphasis added.] In *Maleng v. Cook*, 490 U.S. 488, 491 (1989), the Supreme Court held that a prisoner's conditional release, such as on parole (or supervised release), retained him "in custody" for the purpose of habeas corpus review.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner remains "in custody" for the purpose of disqualifying him from coram nobis relief for two reasons: he was actually "in custody" (*i.e.,* in prison) when he filed his Application; and he is "in custody" while he is on supervised release.

It is respectfully **RECOMMENDED** that the petitioner's Application, construed as a petition for a writ of error *coram* nobis (ECF No. 1) be denied and that this action be dismissed with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.,

2

United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner, and to transmit it to counsel of record.

<u>January 4, 2012</u>

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

3